UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THERESA M. LARA, | |
| Plaintiff, | Case No. C25-62-JCC |
| v. | ORDER TO SHOW CAUSE |
| DAVID MCGREW, *et al.*, | |
| Defendants. | |

Plaintiff Theresa M. Lara has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) Plaintiff reports no current income and no funds in cash or checking and savings accounts. (*Id.* at 1-2.) While Plaintiff states that her monthly expenses total $840.00, she does not describe the types of expenses she incurs, as required.[1] (*Id.* at 2.) Plaintiff also left blank the portions of the application regarding her spouse's income, any other money received in the last twelve months, valuable property, dependents, and any other information explaining why she cannot pay court fees and costs. (*Id.* at 1-2.)

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status,

---

[1] Plaintiff wrote "SSI," but this appears to be a source of income, not an expense. (Dkt. # 1 at 2.)

ORDER TO SHOW CAUSE - 1

a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), cert. denied, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff's application omits information necessary for the Court to determine her ability to pay court fees and costs. Specifically, Plaintiff does not disclose whether she or her spouse has received any money in the last twelve months, whether they own any valuable property, whether they have any dependents, or the types of monthly expenses she incurs. (*See* dkt. # 1 at 1-2.) Under these circumstances, Plaintiff should not be authorized to proceed IFP.

Accordingly, Plaintiff is ORDERED to show cause by **February 5, 2025**, why this Court should not recommend her IFP application be denied. Alternatively, Plaintiff may submit an amended IFP application by that date, fully completing each portion of the form. The Clerk is directed to re-note Plaintiff's IFP application (dkt. # 1) for February 6, 2025, and to send copies of this order to Plaintiff and to the Honorable John C. Coughenour.

Dated this 15th day of January, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 2